# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## IN KANSAS CITY

| | |
|---|---|
| **JENNIFER DEHAVEN, heir-at-law,** ) <br> **and JENNIFER DEHAVEN,** ) <br> **Administrator of the Estate of** ) <br> **CHARLES MCMAHILL,** ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> **GRACE MANAGEMENT, INC.,** ) <br> **Serve: Corporation Service Company** ) <br>    2900 SW Wanamaker Drive ) <br>    Suite 204 ) <br>    Topeka, KS 66614 ) <br> ) <br> **VINTAGE PARK AT LENEXA, LLC,** ) <br> **Serve: Corporation Service Company** ) <br>    251 Little Falls Drive ) <br>    Wilmington, DE 19808 ) <br> ) <br>     **Defendants.** ) | Case No.: |

## **COMPLAINT**

Come now Plaintiffs Jennifer DeHaven, heir-at-law, and Jennifer DeHaven, Administrator of the Estate of Charles McMahill, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and for their causes of action against Defendants Grace Management, Inc. and Vintage Park at Lenexa, LLC, respectfully state as follow:

### Parties

1. Plaintiff Jennifer DeHaven is a Kansas resident, the surviving daughter of the decedent, Charles McMahill, the personal representative of the Estate of Charles McMahill, and is entitled to bring this wrongful death and survival cause of action pursuant to K.S.A. § 60-1901 et seq. and § 60-1801 et seq.

2. Defendant Grace Management, Inc. is a Texas corporation which at all relevant times herein had a management, ownership, and/or operational control interest in an assisted living care facility named Vintage Park at Lenexa located at 8710 Caenen Lake Road, Shawnee Mission, Kansas 66215. At all relevant times, Defendant was in business for the care and treatment of persons in need of assisted care and supervision.

3. Defendant Vintage Park at Lenexa, LLC is a Delaware limited liability company which at all relevant times herein had a management, ownership, and/or operational control interest in an assisted living care facility named Vintage Park at Lenexa located at 8710 Caenen Lake Road, Shawnee Mission, Kansas 66215. At all relevant times, Defendant was in business for the care and treatment of persons in need of assisted care and supervision.

## Jurisdiction

4. The Court has subject matter jurisdiction over this controversy under 28 U.S.C. §1332 in that there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## Facts

5. The decedent, Charles McMahill, was a resident of Vintage Park at Lenexa ("Vintage Park") from January 25, 2016 until January 7, 2017.

6. The decedent was conscious and could feel pain at all relevant times on and after January 25, 2016.

7. Defendants knew or should have known that the decedent was at a high risk for falling and was dependent upon the staff for his safety and the need for staff intervention to prevent him from suffering injury related to falls.

8. After his admission and up until January 6, 2017, Defendants knew or should have known that the decedent had a potential and history of falls and had multiple risk factors for serious injury in the event he fell and required assistance, monitoring, and supervision to prevent injury from falls.

9. Defendants did not provide the decedent with adequate supervision and assistance at Vintage Park to monitor him for risk of accidents and failed to implement procedures to prevent falls.

10. Defendants did not perform and/or document assessments of the decedent after each fall at Vintage Park and did not update the decedent's care plan with additional interventions to prevent falls following his multiple falls.

11. On January 6, 2017, the decedent was left unattended and allowed to fall, which caused injury to, among other areas, the decedent's femur.

12. The decedent was hospitalized at Shawnee Mission Medical Center from January 7, 2017 until January 12, 2017 where he had surgery for his fractured femur.

13. The decedent was transferred to the Rehabilitation Hospital of Overland Park where he stayed until January 23, 2017 when he was transferred back to Shawnee Mission Medical Center.

14. The decedent died on January 24, 2017 due to complication from his surgery for the January 6, 2017 femur fracture.

15. Prior to January 6, 2017, the decedent's potential for injury in the event of a fall was predictable and preventable based upon his known risk factors.

16. The injuries the decedent suffered as a result of the January 6, 2017 fall would have been prevented if Defendants had developed and implemented a care plan with appropriate

interventions and provided the decedent with proper supervision and assistance (or transferred him to a facility which could provide such care).

17. The decedent's January 6, 2017 fall caused and/or contributed to cause his death on January 24, 2017.

### Count I: Negligence

18. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as if set forth herein.

19. Defendants owed the decedent a duty to exercise the degree of care and learning ordinarily exercised under the same or similar circumstances by members of the community of duly licensed health care providers and assisted living home owners, operators, administrators, and agents.

20. Defendants had a duty to refrain from neglecting the decedent.

21. Defendants owed the decedent a duty to treat the decedent with consideration, respect, and dignity.

22. Defendants had a duty to prevent the decedent from being inflicted with physical and/or emotional injury or harm.

23. Defendants were required to follow state and federal rules and regulations as well as other laws in the care and treatment of the decedent.

24. Defendants had a non-delegable duty to provide care to the decedent and had a duty to ensure that their employees exercised the degree of skill and learning ordinarily exercised by members of the employees' professions.

25. Defendants had a non-delegable duty to provide management services to the decedent and, in the management and supervision of Vintage Park, to place resident safety above

profit and to provide sufficient resources to permit Vintage Park and their employees to adhere to the following applicable standards of care:

    a. Provide each resident with twenty-four hour protective oversight, personal attention and nursing care in accord with his/her condition;

    b. Provide nursing care and other supervision consistent with acceptable nursing practice;

    c. Provide sufficient personnel properly trained in their duties;

    d. Provide each resident an environment free from mental and physical abuse; and

    e. Provide each resident with consideration, respect, and dignity.

26. During the course of their care and treatment of the decedent, Defendants and their agents breached their duties of due care, skill, and practice ordinarily exercised by members of their profession under the same or similar circumstances in one or more of the following ways:

    a. By failing to assess and monitor the decedent;

    b. By failing to assess and monitor the decedent and timely notify appropriate physicians as to changes in his condition;

    c. By failing to prepare an appropriate plan of care for the decedent's medical conditions;

    d. By failing to consistently evaluate, monitor, and assess the decedent's physical condition;

    e. By failing to perform and/or document assessments of the decedent after each fall and failing to update the decedent's care plan with additional interventions to prevent falls following his repeated falls;

    f. By failing to provide the decedent with adequate supervision and assistance at Vintage Park to monitor him for risk of accidents and failing to implement procedures to prevent falls;

  g. By failing to provide the decedent with proper and necessary supervision at the time of his fall on January 6, 2017 and to implement the care called for in his care plan and other orders;

  h. By failing to provide the decedent with an adequate number of staff members knowledgeable of his condition;

  i. By failing to hire and provide sufficient nursing staff to monitor and care for the patients in the facility, including the decedent;

  j. By failing to properly supervise and monitor the decedent's care and condition;

  k. By failing to hire, recruit, retain and provide sufficient and competent nursing staff to monitor and care for the patients in the facility, including the decedent;

  l. By failing to budget sufficient money to recruit and retain competent staff and to provide sufficient support and other services and supplies for the residents, including the decedent;

  m. By failing to screen the credentials and background of the nurses and other medical personnel caring for the decedent before and after hiring them;

  n. By failing to supervise and train, and negligently retaining, the staff of Vintage Park;

  o. By failing to keep the decedent free from abuse and neglect;

  p. By failing to treat the decedent in a dignified manner; and,

  q. By failing to maintain proper care and services for the decedent

  r. By failing to transfer the decedent to a care facility which could property care for the decedent.

27. The negligent acts and/or omissions stated herein were committed by employees, servants, and/or agents of Defendants while acting within the course and scope of their employment. As a result, Defendants are liable to Plaintiffs for the negligent acts and omissions of their employees, servants, and/or agents pursuant to the doctrine of *respondeat superior*.

28. As a direct and proximate result of Defendants' negligence, the decedent was allowed to fall on January 6, 2017 which resulted in a femur fracture which required medical care and treatment and ultimately caused and/or contributed to cause his death on January 24, 2017.

29. As a direct result of Defendants' negligence, Plaintiffs have suffered and are entitled to recover for: a loss of parental care, training, guidance, education, and protection; the loss of household services; a loss of earnings that the decedent would have provided; reasonable funeral expenses; mental anguish, suffering, and bereavement; a loss of society, comfort, and companionship; and all other pecuniary damages as permitted under Kansas law pursuant to *Wentling v. Medical Anesthesia Serv.*, 701 P.2d 939 (Kan. 1985).

30. As a direct result of Defendants' negligence, the decedent suffered the following damages before his death for which Plaintiffs are entitled to recover including, but not limited to, the following:

   a. Physical and mental injuries as described herein, including, but not limited to, a fractured femur and complication of this injury. These injuries caused the decedent severe physical pain and mental anguish; and,

   b. Reasonable medical expenses for hospital services, treatment by physicians, nursing care, medicine, and special medical equipment.

31. The actions of Defendants described above were performed in a willful, wanton, fraudulent, and/or malicious manner towards the decedent and, therefore, the imposition of punitive damages by the jury is warranted.

WHEREFORE, Plaintiffs Jennifer DeHaven, heir-at-law, and Jennifer DeHaven, Administrator of the Estate of Charles McMahill, pray for judgment against Defendants Grace Management, Inc. and Vintage Park at Lenexa, LLC for an amount that will fairly and justly compensate them for their and the decedent's injuries and damages in excess of $75,000, for

costs incurred herein, and for such other and further relief as this Court deems just, proper, and equitable.

## Count II: Negligence Per Se

32. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as if set forth herein.

33. While providing care and treatment to the decedent, Defendants breached their duties to him and were guilty of acts of negligence as described above and, in turn, violated the following state regulations governing assisted living facilities including, but not limited to, one or more of the following:

    a. K.S.A. § 26-41-200: Resident criteria. (a) The administrator or operator of each assisted living facility or residential health care facility shall ensure the development and implementation of written admission, transfer, and discharge policies that protect the rights of each resident, pursuant to K.A.R. 26-39-102. In addition, the administrator or operator shall ensure that any resident who has one or more of the following conditions is not admitted or retained unless the negotiated service agreement includes services sufficient to meet the needs of the resident: (1) Incontinence, if the resident cannot or will not participate in management of the problem; (2) immobility, if the resident is totally dependent on another person's assistance to exit the building; (3) any ongoing condition requiring two or more persons to physically assist the resident; (4) any ongoing, skilled nursing intervention needed 24 hours a day; or (5) any behavioral symptom that exceeds manageability. (b) Each administrator or operator shall ensure that any resident whose clinical condition requires the use of physical restraints is not admitted or retained.

34. Because Vintage Park is a licensed assisted living facility, the facility, its owners, operators, manager, employees and agents were at all times material to this lawsuit and required by statute to comply with the rules and regulations set forth above.

35. As a direct and proximate result of Defendants' negligence, the decedent was allowed to fall on January 6, 2017 which resulted in a femur fracture which required medical

care and treatment and ultimately caused and/or contributed to cause his death on January 24, 2017.

36. As a direct result of Defendants' negligence per se, Plaintiffs have suffered and are entitled to recover for: a loss of parental care, training, guidance, education, and protection; the loss of household services; a loss of earnings that the decedent would have provided; reasonable funeral expenses; mental anguish, suffering, and bereavement; a loss of society, comfort, and companionship; and all other pecuniary damages as permitted under Kansas law pursuant to *Wentling v. Medical Anesthesia Serv.*, 701 P.2d 939 (Kan. 1985).

37. As a direct result of Defendants' negligence, the decedent suffered the following damages before his death for which Plaintiffs are entitled to recover including, but not limited to, the following:

   a. Physical and mental injuries as described herein, including, but not limited to, a fractured femur and complication of this injury. These injuries caused the decedent severe physical pain and mental anguish; and,

   b. Reasonable medical expenses for hospital services, treatment by physicians, nursing care, medicine, and special medical equipment.

38. The actions of Defendants described above were performed in a willful, wanton, fraudulent, and/or malicious manner towards the decedent and, therefore, the imposition of punitive damages by the jury is warranted.

WHEREFORE, Plaintiffs Jennifer DeHaven, heir-at-law, and Jennifer DeHaven, Administrator of the Estate of Charles McMahill, pray for judgment against Defendants Grace Management, Inc. and Vintage Park at Lenexa, LLC for an amount that will fairly and justly compensate them for their and the decedent's injuries and damages in excess of $75,000, for costs incurred herein, and for such other and further relief as this Court deems just, proper, and equitable.

**Demand for Jury Trial**
**Pursuant to Local Rule 40.2**

39. Pursuant to Local Rule 40.2, Plaintiffs hereby demand trial by jury on all Counts and claims in this action in the United States District Court in Kansas City, Kansas.

                                            BROWN & CROUPPEN, P.C.

                                            /s/ Brett A. Williams
                                            Brett A. Williams        #78280
                                            2345 Grand Boulevard, Suite 675
                                            Kansas City, Missouri 64108
                                            (816) 285-0757
                                            (816) 817-6552 (Facsimile)
                                            brettw@getbc.com

                                            ATTORNEY FOR PLAINTIFFS

G:\Open Clients\McMahill, Charles D_484611\Pleadings\Working Copies-drafts\Complaint.doc